United States District Court
District of Minnesota

Tammi Broussard and Deborah Vazquez-Martinez,     Case No.: _____
as trustees for the next of kin
of Leroy Krogstad, deceased,

     Plaintiffs,

vs.                                                               **COMPLAINT**

The United States of America,

     Defendant.

1. Tammi Broussard and Deborah Vazquez-Martinez bring this lawsuit as trustees for the next of kin of Leroy Krogstad, deceased. Leroy Krogstad died as a direct result of negligent conduct by the agents and employees of the Veterans Health Administration [VHA], a division of the United States government's Department of Veterans Affairs. The VHA departed from the accepted standards of medical practice when they, through their employees and/or agents, failed to follow the end-of-life palliative care plan for Leroy Krogstad, extubated Leroy Krogstad a day before scheduled, and this departure from the accepted standards directly hastened Leroy's death and harmed his next of kin.

**Parties**

2. By the Order of the Ramsey County District Court [Court File #62-CV-21-6057] dated January 18, 2022, Tammi Broussard and Deborah Vazquez-Martinez were appointed trustees for the next of kin of decedent Leroy Krogstad.

3. Defendant United States of America [USA] operates the Department of Veterans Affairs, which in turn operates the Veterans Health Administration [VHA]. VHA operates the Minneapolis VA [Veterans Administration] Health Care System. Defendant USA, in the administration of the VHA and the Minneapolis VA Health Systems, employs nurses, clerks, and other personnel and USA is vicariously responsible for the conduct of those employees.

**Jurisdiction and Venue**

4. Subject matter jurisdiction for this medical negligence suit against the United States is provided by the Federal Tort Claims Act [FTCA], 28 U.S.C. §§ 1346 (b) and 2671-2680.

5. On July 13, 2021, Tammi Broussard and Deborah Vazquez-Martinez submitted an administrative tort claim by filing a Standard Form 95 with the Department of Veterans Affairs, demanding seven million dollars ($7,000,000) and six million five hundred thousand dollars ($6,500,000) respectively in damages for the death of their father.

6. By letter dated March, 14, 2022, the Department of Veterans Affairs, through its General Counsel in Washington, DC, denied Tammi Broussard and Deborah Vazquez-Martinez's claims.

7. The March 14, 2022 letter also informed Tammi Broussard and Deborah Vazquez-Martinez that further action could be taken under FTCA §§ 1346 (b) and 2671-2680, Title 28, United States Code, but such a suit needed to be initiated within 6 months after the date of that notice.

8. This complaint is being filed within 6 months of the March 14, 2022 denial letter, and thus is timely as specified by 28 U.S.C. § 2401(b).

9. Venue in this district is proper under 28 U.S.C. § 1402(b).

10. All the acts of negligence and other wrongful conduct of the agents, servants, and/or employees of defendant United States described herein were committed within the course and scope of their agency, service, and/or employment by defendant United States.

**General Allegations**

11. Leroy Krogstad was born on May 7, 1948 and died on January 21, 2021. At the time of his
    death Leroy was divorced and not remarried and lived in Roseville, Ramsey County,
    Minnesota.

12. Leroy Krogstad served in the United States Marine Corps from October 3, 1967 until May
    27, 1969 when he was honorably discharged after serving two years in the Vietnam War.
    During his time in the Marine Corps, he received numerous commendations including, but
    not limited to, a Combat Action Ribbon, a Navy Unit Commendation, a Good Conduct
    Medal, and a National Defense Service Medal.

13. According to VA records Leroy Krogstad was admitted to the Minneapolis VA on January
    11, 2021 with confusion, slurred speech, and audible wheezing. During his workup it was
    found that Leroy had symptoms including, but not limited to, mild alkalemia, elevated white
    blood cell count, hyponatremia, high levels of AST, high levels of ALT, high levels of uric
    acid, elevated lactate, and elevated ammonia levels. These symptoms were believed to be a
    result of liver disease, encephalopathy, chest pain, and chronic obstructive pulmonary
    disease.

14. On January 12, 2021 at 10:40 a.m., Leroy Krogstad was intubated.

15. On January 21, 2021, a care conference with palliative care and Leroy Krogstad's next of kin
    was held and it was decided that Leroy Krogstad would be extubated on January 22, 2021,
    after family members had the opportunity to say their goodbyes.

16. On January 21, 2021 at 3:12 p.m. Leroy Krogstad was extubated by VA staff against the
    agreed upon end-of-life plan. Leroy Krogstad's proper legal representative, Plaintiff Deborah
    Vazquez-Martinez, was not able to consent to the performance of the extubation, those who

were agreed to be present were not present, and individuals who were not supposed to be present for the extubation were present.

17. On January 21, 2021 at 8:40 p.m. Leroy Krogstad died before the agreed upon time because of the early extubation.

18. As a result of Leroy Krogstad's death, the next of kin of Leroy Krogstad have lost the counsel, guidance, aid, advice, comfort, assistance, and protection that Leroy would have given them. They were not allowed to spend the end of his life the way they had planned.

## Count One

## Negligence Resulting in Wrongful Death

Plaintiffs re-allege all paragraphs above as if fully set forth herein.

19. The acts of agents and employees of the VA Health Care System described in this Complaint were unreasonable and/or negligent.

20. Agents and employees of the VA Health Care System owed a duty to use reasonable care in treating and diagnosing Plaintiff Leroy Krogstad.

21. Agents and employees of the VA Health Care System breached the duty owed to Plaintiff Leroy Krogstad.

22. As a result of VA Health Care System's negligence and breach of duty owed to Plaintiff Leroy Krogstad, he died.

23. As a direct result of the negligence of agents and employees of the VA Health Care System which caused Leroy Krogstad's death, the next of kin of Leroy Krogstad have lost the counsel, guidance, aid, advice, comfort, assistance, and protection that Leroy would have given them if Leroy had lived.

24. As a direct result of the negligence of agents and employees of the VA Health Care System the next of kin of Leroy Krogstad were not allowed to spend the end of his life the way they had planned, Leroy Krogstad's proper legal representative was not able to consent to the performance of the extubation, those who requested to be present were not present, and individuals who were not supposed to be present for the extubation were present.

25. Plaintiffs Tammi Broussard and Deborah Vazquez-Martinez, as trustees for Leroy Krogstad, estimate the reasonable monetary income value of these items to be in excess of fifty thousand dollars ($50,000).

**Count Two**

**Medical Malpractice**

Plaintiffs re-allege all paragraphs above as if fully set forth herein.

26. Doctors, Hospitals, and Certified Nurse Practitioners are to abide by an applicable standard of care for their patients that is accepted by the medical community.

27. Agents and employees of the VA Health Care System deviated from the applicable standard of medical care in their respective fields.

28. These deviations from the standards include but are not limited to, failure to follow the end-of-life care plan, extubating a day early, failure to gain the consent of Leroy Krogstad's proper legal representative to perform the procedure, failure to allow those who requested to be present to be present, and allowing individuals who were not supposed to be present for the extubation to be present.

29. Agents and employees of the VA Health Care System's deviation from the applicable standard of care directly resulted in Plaintiff Leroy Krogstad's premature death.

Tammi Broussard and Deborah Vazquez-Martinez, as Trustees v. The United States of America • U.S. Dist. Ct., District of MN, #_____
Complaint                                                                                                          5

30. The acts of VA Health Care System's actions, along with any other person who worked with Plaintiff Leroy Krogstad during his time at VA Health Care, were unreasonable, negligent, and did not follow the standard of care recognized as applicable under the circumstances.

31. Agents and employees of the VA Health Care System owed a duty to Plaintiff Leroy Krogstad to use reasonable care during his treatment to ensure that they were following the end-of-life care plan and following the appropriate standard of care applicable in their respective fields.

32. Agents and employees of the VA Health Care System breached the duty that they owed to plaintiff Leroy Krogstad.

33. As a result of VA Health Care System's negligence and breach of duty Leroy Krogstad died.

34. As a proximate result of the death of Plaintiff Leroy Krogstad, the heirs and next of kin have suffered the loss of counsel, guidance, aid, advice, comfort, assistance, and protection, and support and may have otherwise suffered damage and pecuniary loss, paying out certain sums of money providing for a proper burial

35. Plaintiffs Tammi Broussard and Deborah Vazquez-Martinez, as trustees for Leroy Krogstad, estimate the reasonable monetary income value of these items to be in excess of fifty thousand dollars ($50,000).

**WHEREFORE** plaintiffs Tammi Broussard and Deborah Vazquez-Martinez as trustees for the next of kin of Leroy Krogstad deceased, demands judgment against defendant The United States of America jointly and severally, in a reasonable amount in excess of Fifty Thousand and no/100 ($50,000.00) Dollars, together with interest, costs, and disbursements.

DATED: _6/7/22_

**BRADSHAW & BRYANT, PLLC**

Michael A. Bryant (License #218583)
1505 Division Street
Waite Park, MN 56387
Telephone: (320) 259-5414
Attorney for Plaintiff

## ACKNOWLEDGMENT

Plaintiff acknowledges sanctions may be imposed under Minn. Stat. §549.211.

DATED: _6/7/22_

**BRADSHAW & BRYANT, PLLC**

Michael A. Bryant (License #218583)
1505 Division Street
Waite Park, MN 56387
Telephone: (320) 259-5414
Attorney for Plaintiff